DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) Criminal Action No. 2011-031 |
| JUAN ORTIZ, | ) |
| | ) |
| Defendant. | ) |

**Attorneys:**
**Denise A. Hinds, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Patricia Schrader-Cooke, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant*

## MEMORANDUM OPINION AND ORDER

**Lewis, District Judge**

**THIS MATTER** comes before the Court on Defendant's Amended Motion to Dismiss for Speedy Trial Violation, filed on December 20, 2011. (Dkt No. 13). For the reasons discussed below, the Court will deny the Motion.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On October 14, 2011, a Complaint was filed against Defendant, charging him with Fraudulent Use of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) and making a False Statement in violation of 18 U.S.C. § 1001(a)(2). According to the facts alleged in the Complaint and accompanying Affidavit of Special Agent Dennis Carter of the United States Department of Homeland Security, on October 13, 2011, Defendant presented to the Virgin

Islands Department of Labor a false Social Security Card, a false Permanent Resident Card, and a signed Department of Labor form representing that the information provided, including a false Social Security number, was true information.

Special Agent Carter was contacted by an employee of the Virgin Islands Department of Labor on October 13, 2011, regarding the Defendant and his documents. Upon initial observation by Special Agent Carter, Defendant's Permanent Resident Card did not appear legitimate. Subsequently, the Social Security Administration represented that the Social Security number that Defendant claimed to be his own did not belong to Defendant. A review of Defendant's fingerprints also revealed that Defendant had been processed for removal from the United States, but was released on bail pending a hearing before an immigration court on the charge that Defendant is illegally present in the United States. Special Agent Carter detained Defendant and transported him to the Immigration Office.

The following day, October 14, 2011, a Complaint was filed against Defendant (Dkt. No. 1). Defendant appeared before the Magistrate Judge of this Court on the same day to be advised of his rights, and was appointed counsel. (Dkt. No. 23). During the hearing, the Government orally moved to detain Defendant and the Court scheduled a detention hearing for October 19, 2011. (Dkt. No. 2).

On October 18, 2011, the Government filed a Motion for Detention of Defendant (Dkt. No. 4) and a Notice of Intent to Proceed by Affidavit at the Detention Hearing (Dkt. No. 5). On October 19, 2011, the Magistrate Judge of this Court held a Preliminary and Detention Hearing. On the same day, the Magistrate Judge entered an Order denying the Motion to Detain (Dkt. No.

7); an Order Setting Conditions of Release for Defendant (Dkt. No. 8);[1] and an Order finding Probable Cause and binding the Defendant over to the District Court of the Virgin Islands for further proceedings. (Dkt. No. 9).

The Government filed an Information against Defendant on November 17, 2011, charging one Count of Fraudulent Use of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) and one Count of a False Statement in violation of 18 U.S.C. § 1001(a)(2) (Dkt. No. 10). Defendant filed a Motion to Dismiss for Speedy Trial Violation on December 19, 2011, (Dkt. No. 11), and an Amended Motion to Dismiss for Speedy Trial Violation on December 20, 2011 (Dkt. No. 13). On December 27, 2011, the Government filed its Response to Defendant's Motion to Dismiss. (Dkt. No. 14).

## II. DISCUSSION

Defendant argues for dismissal on the grounds that an Information or Indictment against him was not filed within the period of time specified under 18 U.S.C. § 3161(b), which provides, in relevant part, that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b) (2008). Defendant was arrested on October 13, 2011, and claims that he should have been formally charged on or before November 14, 2011—three days earlier than the November 17, 2011 filing of the Information.[2]

---

[1] Defendant has not been able to satisfy the conditions of his release, and has therefore remained in detention since his arrest.

[2] In its Response to the Motion to Dismiss, the Government states that Defendant was arrested on October 14, 2011. Defendant states that he was arrested on October 13, 2011. The Affidavit of Special Agent Carter details the events of October 13, 2011, and states that Defendant was "detained and transported to the Immigration Office for

As a result of the alleged untimeliness of the Information, Defendant requests that the counts against him be dismissed with prejudice. In support of his claim, Defendant relies upon the provisions contained within 18 U.S.C. § 3162(a)(1):

> "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(1) (2008).[3] In his Motion, Defendant seeks dismissal with prejudice, claiming that "reprosecution would be unfair and prejudicial to the administration of justice" because Defendant's sentencing guideline range is zero to six months, and Defendant has been incarcerated since his arrest on October 13, 2011. Def. Mot. at 2.

In its Response, the Government contends that "the six-day period between October 14 and October 19 was tolled leaving 29 days within which to file the Information." Gov. Resp. at 2. To support its claim, the Government cites § 3161(h)(1)(D)[4] of the Speedy Trial Act, which provides that "[t]he following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . . delay resulting from any pretrial motion,

---

processing." Aff. at 2 (Dkt. No. 1-1). Because Defendant was detained and processed on October 13, 2011, the Court considers that he was arrested on that day.

[3] Defendant cites § 3162(a)(2), which governs sanctions for failure to bring a Defendant to trial within the statutory time limit. Instead, the Court will consider § 3162(a)(1), which governs sanctions for failure to indict a Defendant within the statutory time limit. Because Defendant's Motion is predicated upon an allegedly untimely Information, rather than an allegedly untimely trial, the Court assumes that Defendant erred in citing § 3162(a)(2) rather than § 3162(a)(1).

[4] The Government cites § 3161(h)(1)(F) as containing the quoted language that is actually found within § 3161(h)(1)(D).

from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." § 3161(h)(1), § 3161(h)(1)(D). According to the Government, because the days spanning from October 14, 2011, through October 19, 2011, were tolled pursuant to § 3161(h)(1)(D), the Government had until November 18, 2011, within which to file the Information or Indictment—one day after its November 17, 2011 filing.

### A. The Speedy Trial Act Calculation

The Speedy Trial Act requires that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." § 3161(b). Delays resulting from other proceedings involving the defendant are to "be excluded in computing the time within which an information or indictment must be filed . . . ." § 3161(h)(1). In particular, a "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition, of such motion" shall be excluded in the computation. § 3161(h)(1)(D).

Defendant was arrested on October 13, 2011, and the Speedy Trial Clock typically begins running the following day. *See* Fed. R. Crim. P. 45(a)(1) (When computing a time period that is stated in days, "exclude the day of the event that triggers the period."). However, on October 14, 2011, during the Advice of Rights hearing, the Government orally moved to detain the defendant. *See* Dkt. No. 2, Minute Entry for the Proceedings held before US Magistrate Judge George Cannon on October 14, 2011, 10:08 A.M., Attorney Williams-Henry for the U.S. Government "moved to detain the defendant." The issue presented is whether the Government's oral motion to detain Defendant on October 14, 2011, constitutes a pretrial motion pursuant to

§ 3161(h)(1)(D), which would exclude the days of October 14, 2011, through October 19, 2011, from the Speedy Trial Calculation.

The Government's oral motion to detain Defendant at the Advice of Rights hearing constitutes a pretrial motion under § 3161(h)(1)(D). The Third Circuit has made clear that "an oral motion is sufficient to invoke the time exclusion provided by the Speedy Trial Act." *United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (quoting *United States v. Louis*, 814 F.2d 852, 857 (2d Cir. 1987)). Several Courts of Appeal have applied this reasoning to a context similar to the issue currently before the Court and concluded that an oral motion to detain a defendant is a pretrial motion for § 3161(h)(1)(D) purposes. *See, e.g., United States v. Stubblefield*, 643 F.3d 291, 295 (D.C. Cir. 2011) (finding that the Government's oral motion to detain the defendant is excluded from the thirty-day calculation between arrest and indictment because "exclusion under § 3161(h)(1)(D) . . . is triggered by written and oral motions alike." (quoting *United States v. Taylor*, 497 F.3d 673, 676 (D.C. Cir. 2007)); *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 368 (5th Cir. 2010) ("We see no reason why an oral motion [to commit defendant to the custody of the Attorney General] would not trigger the excludable delay contemplated by § 3161(h)(1)(D) . . . . The Federal Rules of Criminal Procedure permit oral as well as written pretrial motions."); *United States v. Noone*, 913 F.2d 20, 27 (1st Cir. 1990) (finding an oral motion for reconsideration of a detention order to be excludable under the Speedy Trial Act); *United States v. Broadwater*, 151 F.3d 1359 (11th Cir. 1998) (oral pretrial motions *made on the record* have generally been held to be motions for purposes of § 3161(h)(1)(F).") (emphasis added).

Accordingly, the Court finds that the Government's oral motion to detain Defendant on October 14, 2011, effectively tolled the Speedy Trial Clock until the Court's resolution of that

Motion on October 19, 2011. The Information was filed twenty-nine days later, on November 17, 2011, within the time frame required by the Speedy Trial Act. Because the Government did not violate the deadlines imposed by the Speedy Trial Act, Defendant's Motion to dismiss the charges against him will be denied.

**UPON CONSIDERATION** of the foregoing, it is hereby **ORDERED** that Defendant's Motion to Dismiss for Speedy Trial Violation is **DENIED**.

**SO ORDERED**.


Date: February 10, 2012                           _____/s/_____
                                                  WILMA A. LEWIS
                                                  District Judge